UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

| | |
|---|---|
| In the Matter of )<br>)<br>**BOSTON FINANCIAL CORPORATION** )<br>P.O. Box 290781 )<br>197 Eighth Street, Suite 2000 )<br>Charlestown, MA 02129 )<br>Tax ID: XX-XX-4594 )<br>   Debtor. )<br>_____ ) | Chapter 11<br>Case No. 08-14571-FJB |

### ORDER CONFIRMING FIRST AMENDED JOINT PLAN OF REORGANIZATION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS AND THIRD PARTY PROPONENT, CONNECT PLUS INTERNATIONAL CORPORATION

This matter having come before the Court at a hearing held on May 5, 2009 to consider confirmation of the "First Amended Joint Plan of Reorganization of the Official Committee of Unsecured Creditors and Third Party Proponent, Connect Plus International Corporation" (the "Plan", a copy of which is attached hereto) pursuant to 11 U.S.C. §1129 and Bankruptcy Rule 3020, and after consideration of the facts, evidence and offers of proof submitted at such hearing by the Official Committee of Unsecured Creditors, the Debtor and the Third Party Proponent, the Court makes the following findings of fact:

1.  The Plan generally contemplates the retention by the Debtor of all of the assets of the Debtor's estate as of the Effective Date of the Plan, the continued operation of the Debtor after the Effective Date of the Plan under the control of Robert E. Lockwood, the Chief Executive Officer of the Third Party Proponent, as the new sole director of the Debtor, and the cancellation of the existing equity interests in the Debtor, and the issuance of new equity interests 50% to the Noteholders under Class Five of the Plan, and 50% to the Third Party Proponent, with the Third Party Proponent responsible for the sum necessary, when combined

with other available funds, to: (a) Pay Allowed Administrative Expense Claims and Priority Tax Claims; (b) Pay the distributions set out in Sections 3.1, 3.3 and 3.4 of the Plan to Allowed Claims in Classes 1, 3 and 4, respectively; and (c) Provide the Reorganized Debtor working capital deemed necessary and appropriate by the Equity Funder in its sole discretion for the Reorganized Debtor's operations after the Effective Date.

2.    The Plan provides that all professional fees to be paid to professionals either prior to or after Confirmation of the Plan are subject to the prior approval of this Court, and proposes to pay Allowed Priority Tax Claims in full, in cash, on either the Effective Date, such other terms as agreed by the Debtor and the Tax Claim holder, or in equal quarterly cash payments over five years with interest. The Plan classifies the remaining holders of claims and/or equity interests against the estate of the Debtor into Seven (7) separate classes, as follows:

Class One: All Allowed Priority Claims, except Priority Tax Claims, which are to be paid on the earlier of the Effective Date of the Plan or the date such Claim becomes and Allowed Priority Claim, which class is unimpaired.

Class Two: Class Two is impaired. The Secured Claim of Paul DeJesus is to be expunged and replaced with a 30-month unsecured promissory Note from the Debtor in the face amount of $135,000.00, with interest only payable in arrears at the rate of 12% per annum, and with Paul DeJesus to retain his Allowed Class Five Claim in the reduced amount of $750,000. The sole holder of a Class Two claim voted in favor of the Plan.

Class Three: All Other Secured Claims, of which the Debtor believes there are none. Such Class is unimpaired under the Plan and the holders will retain their security until paid in full.

Class Four: Class Four is impaired and includes all non-priority General Unsecured Claims, except Noteholders, which holders are to be paid 15% of the Allowed Amount of their Claims in three equal installments payable within one year of the Effective Date. The holders of Allowed Claims in Class Four who voted on the Plan voted unanimously in favor of the Plan.

Class Five: Class Five is impaired and includes all non-priority general unsecured Claims represented by written promissory notes from the Debtor equal to or exceeding $50,000.00 in face amount, which class members are to retain their rights under their Notes, except for revised maturity dates and lower interest payments from and after the Effective Date, and who will also receive their pro rata share of the New Equity Interests, representing 50% of the new equity in the Reorganized Debtor. Noteholders voting on the Plan voted unanimously in favor of the Plan.

Class Six: All Claims for Fines, Penalties, Forfeitures, Punitive and Exemplary Damages who will receive nothing under the Plan.

Class Seven: All Equity Interests in the Debtor which shall be cancelled and whose holders shall receive nothing under the Plan.

3. The Plan further provides that Frank Coviello, the Debtor's sole shareholder, director and CEO, in return for (a) releasing claims against the Debtor that are claimed to exceed $1 million, (b) the contribution of his equity in a Florida condominium, (c) the granting of a $250,000 first mortgage lien to the Reorganized Debtor on his Massachusetts condominium, (d) a sworn financial statement that such assets as described above constitute all of Mr. Coviello's material assets, and (e) his cooperation in the transition of control of the Debtor to Robert

Lockwood, will receive a release from the Debtor and creditors of the Debtor shall be enjoined from pursuing claims against Coviello that are based on claims against the Debtor.

4. The Plan provides that all executory contracts and unexpired leases, unless previously assumed by the Debtor pursuant to an Order of this Court, shall be deemed rejected upon entry of this Order; provided, however, that the Debtor is in a dispute with its principle lessor, 197 Associates, L.P. (the "Lessor") over an alleged post-petition lease between the Debtor and the Lessor, which alleged lease is intended by the Debtor (with the Committee's assent) to be excluded from the effect of this Order, and the Debtor shall expressly retain the right to assume or reject such lease following confirmation, in its discretion, after notice and hearing before this Court. The Plan provides that all rejection damages proofs of claim must be filed within 60 days of this Order, and all such Claims for rejection damages shall be treated as Class 4 Claims.

5. A copy of the Plan, a Court-approved Disclosure Statement and Notice of the Hearing on Confirmation of the Plan and Deadlines for filing Objections to the Plan was served in accordance with Bankruptcy Rules 2002(b) and (c), a Certificate of Service to that effect was filed by the Committee, and no objections were timely filed to either the Classification of Claims pursuant to the Plan, or to Confirmation of the Plan by any creditor or party in interest.

6. The Committee Chairperson certified as to the ballots voting to accept the Plan as described above and that no other ballots were received with respect to any of the remaining Classes under the Plan.

**NOW, THEREFORE,** the Court rules that the requirements for confirmation of the Plan set forth in 11 U.S.C. §§1129(a) and (b) have been satisfied and it is therefore ORDERED that:

1. The Plan is hereby confirmed, and that the Debtor is authorized and directed to carry out the terms and provisions of the Plan.

2. Upon receipt by the Court of the certification called for by Section 5.12.8 of the Plan, Frank Coviello shall be deemed a Released Party under the Plan and entitled to the rest of the relief provided in Section 5.12.8 of the Plan.

3. All executory contracts and unexpired leases of the Debtor shall, to the extent not previously authorized by this Court to be assumed, shall be deemed rejected as provided in 11 U.S.C. §365, and any parties to such contract or lease shall have until July _10_, 2009 to file with this Court, with notice to the Debtor and Committee counsel, any proof of claim for damages as provided in 11 U.S.C. § 502(h). Failure to timely file such a proof of rejection damages claim shall be conclusive and shall forever bar the holder of any further remedy for such rejection damages.

4. This Court retains jurisdiction to resolve all disputes concerning the Plan or its interpretation and/or enforcement, to enforce the terms of the Plan, to consider any future modifications to the Plan and to resolve objections to claims against the Debtor filed by the Debtor within 60 days of this Order. The Court also retains jurisdiction over claims by the Debtor to recover property of the estate, including but not limited to claims arising under 11 U.S.C. §§ 542, 543, 547-550 or 553.

5. This Court shall also retain jurisdiction, to the extent necessary, to hear and determine the Allowed Amount of any professional fee application or post-petition administrative expense claim asserted now or in the future against the Debtor, as well as all objections to pre-petition Claims as may be filed by the Debtor on or before _July 31_, 2009.

6. All post-petition fees payable pursuant to Section 1930 of title 28 of the United States Code shall be paid by the Debtor prior to the Effective Date if determined prior to the Effective Date, or by the Reorganized Debtor if determined after the Effective Date. The Reorganized Debtor will be responsible for timely payment of fees incurred pursuant to 28 U.S.C. § 1930(a)(6) until its case is closed. After confirmation the Debtor will serve the United States Trustee with a monthly financial report for each month (or portion thereof) that the case remains open. The monthly financial report shall include the following: (1) a statement of all disbursements made during the course of the month, whether or not pursuant to the plan; (2) a summary, by class, of amounts distributed or property transferred to each recipient under the plan, and an explanation of the failure to make any distributions or transfers of property under the plan, if any; and (3) an estimated date when an application for final decree will be filed with the court (in the case of the final monthly report, the date the decree was filed).

Dated: *May 13, 2009*

BY THE COURT

*Frank J. Bailey*
Frank J. Bailey, United States Bankruptcy Judge

505904v.2

6