UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

U.S. BANKRUPTCY COURT

2018 MAR 12  P 1: 32

| | |
|---|---|
| In re:<br>Robert E. Lockwood, II<br><br>                    Debtor. | Chapter 7<br>Case No. 10-15249-MSH |

## DEBTOR'S RENEWED MOTION FOR CONTEMPT AND TO COMPEL COMPLIANCE WITH THIS COURT'S "SETTLEMENT STIPULATION BY AND BETWEEN ROBERT E. LOCKWOOD, II, MASSACHUSETTS DEPARTMENT OF REVENUE, AND STEVEN WEISS IN HIS CAPACITY AS CHAPTER 11 TRUSTEE, RESOLVING OBJECTION TO CLAIM NO. 5"

Robert E. Lockwood, II , ("Lockwood") hereby moves this Court for an order holding the Massachusetts Department of Revenue (" the MDOR') in civil contempt and to compel the MDOR to comply with the **SETTLEMENT STIPULATION BY AND BETWEEN ROBERT E. LOCKWOOD, II, MASSACHUSETTS DEPARTMENT OF REVENUE, AND STEVEN WEISS IN HIS CAPACITY AS CHAPTER 11 TRUSTEE, RESOLVING OBJECTION TO CLAIM NO. 5. ("the Settlement", Dkt. 422-1, attached here as Exhibit A for the convenience of the Court) and for related relief, as set forth below, and respectfully submits the following:**

### A. *Background*

1.  Lockwood filed a voluntary petition under chapter 11 of the United States Bankruptcy Code ("the Code") on May 13, 2010, thereby commencing the above-captioned bankruptcy case. This Court converted Lockwood's bankruptcy case to a case under chapter 7 of the code on October 22, 2012.  Steven Weiss was appointed and is serving as the chapter 7 trustee of Lockwood's bankruptcy estate.
This Motion was originally filed previously.  Lockwood received a Notice to Correct Deficiency.  Lockwood contacted the office of trustee Weiss, where an assistant to Trustee Weiss supplied the additional names and addresses for filing.  Lockwood also contacted the office charged by the Court with assisting Pro Se filers, and was directed to a website where Lockwood collected the necessary information and filed again, with the Affidavit of Service, as required to the new service names and addresses as, and the filing was faxed as per the

amended instruction received by Lockwood, to the attention of Ms. Regina Brooks. Previous filings had gone smoothly and correctly.

Copies were sent Registered Mail, as an additional step, to the added parties in the email from Trustee Weiss' office. Copies enclosed at Exhibit H.

Lockwood subsequently received a denial of his Motion from the Court. Lockwood brought this up at the end of the February 27, 2018 Horvitz hearing, and had with him the mailing receipts and the fax receipt. As noted at that hearing, Lockwood is following up and taking the Court's expansion of the service order by having this sent in a hard copy directly to Ms. Brooks at the Bankruptcy Court.

**2.** The original bankruptcy filing was sought by Lockwood as a result of a series of actions by MDOR, and its repeated refusal to allow the tax case to come to trial in the Massachusetts courts.

3. MDOR filed immediately for relief from the stay, stating that the case should be allowed to continue in the state courts. After hearing and a review by Judge Boroff of the then more than 13-year history of continuances sought by the MDOR, including the last one such continuance because 'the staff attorney handling this matter has left the department," a hearing was held.

4. Judge Boroff posed one simple question to the two attorneys present for the MDOR. "If I allow this Motion for Relief, will you agree here and now that you will allow the trial to go forward on the continued date, without further delays?"

5. After consultation between Andrew Zaikis for the MDOR and the second attorney from the MDOR, the answer to the judge's question was "no."

6. Judge Boroff then immediately denied their Motion for Relief, commenting that justice would be timely served in his Court. (Dkt. 44, attached hereto as Exhibit B)

7. After the MDOR filed voluminous discovery requests and requests for 2004 exams – despite the fact that the MDOR had more than a decade to assemble its case, the Judge took the unusual step of allowing Lockwood to examine counsel to MDOR over objections by the MDOR. (Dkt. 210, attached hereto as Exhibit C.)

8. As the Settlement states, in the" interests of judicial economy"(see Exhibit A, page two, whereas #4, the Settlement was reached.

9. The MDOR did not comply with the Agreement. Lien releases were not filed until 2016. Lockwood asks that the Court take note that the MDOR 2016 filings are releases, not renewals, evidencing that at least some part of the MDOR was aware of the Settlement and its terms.Samples attached here as Exhibit D.

10. It is impossible to impute motive on behalf of the parties, and strained recollections could be warped or shaped by the passage of time. Lockwood refers the Court to paragraph 3, on page 4, beginning with the words "Payment of the agreed amount…". Payments to

MDOR  only begin after the payment in full of the Claim by Mary Healy "....before and in priority to payment of the Agreed Amount of MDOR's claim...." See paragraph 12, following. The Judge Boroff felt compelled at a later hearing to state from the bench that paragraph 3 would make it highly unlikely any such payments would ever be made.. The other conditions in paragraph 3 that would trigger even the interest payment to the MDOR have not yet been fulfilled.

11. Mary Healy's claim has not received a single cent form the bankruptcy court agreement that Healy made with the trustee (Dkt.517.)

12. The Probate Court, after hearings, had set Lockwood's payments to Healy at $50 (fifty dollars) per week in 2011 , an order still in effect, and re-affirmed on January 10, 2018. At that rate of payment, the MDOR would not be eligible for any payment for over 1000 years.

13. The MDOR proposed and drafted a settlement under which it clearly knew no payments would ever be made.


**B.  Contempt**

    1. Commencing in January of 2017, the MDOR began sending notices (Exhibit E), demanding alleged past due income taxes for the years 2004, 2005, 2006, 2007 and 2008. The notices state "This assessment is a result of an audit."

    2. Taxes for those years were specifically dealt with and settled in the Settlement , page 2, 1., a. Lockwood notes that any statute of limitations, in addition to the Settlement Stipulation , had long since been passed.

    3. No such audit was ever noticed to Lockwood, and Lockwood's lawyer in the tax matter, Attorney William Cintolo ,shown on this bankruptcy case, also never heard from them concerning any such 'audit.'

    4. Lockwood believes no such audit was, or could have been, conducted.  Those periods were scrutinized by MDOR as much as 12 years ago, and were clearly settled in the Settlement. Even if an 'audit' had been conducted, the statute of limitations had long since tolled.

5. Lockwood immediately wrote to the MDOR. Two such letters are attached here as Exhibit F.

6. For reasons of health, raised and documented elsewhere in this case, Lockwood was unable to take appropriate legal action at that time.

7. The MDOR, undeterred by the Settlement or applicable laws, began a renewed reign of terror.

8. MDOR levied accounts – their documents show $401.95 in "payments." Lockwood has been unable to verify that amount and its source, as it appears to have occurred while Lockwood was preparing for, undergoing and then rehabbing from heart surgery

9. MDOR levied the cash value of a life insurance policy on Mary Healy ("Healy," ex-wife of Lockwood), of which Lockwood was the beneficiary. Somehow, the MDOR forced SBLI to create a 'policy loan' to Lockwood of the entire value. The current statement shows a balance, including interest accrued through that date, on that loan of $10,598.13 as of October 27, 2017. Additionally, that forced policy loan caused a payment to be due, where none would have been due, even for the underlying insurance cost, due to the positive interest that had been accruing on the cash value. The notices of the levy and the forced loan and the October 2017 balance now owed by Lockwood SBLI are attached hereto as Exhibit G.

10. The MDOR also levied Lockwood's small stock account at TD Ameritrade. The account had been funded with the proceeds of litigation, initiated and won regarding post discharge malfeasance by a party unrelated to this case. The stock was liquidated, by TD Ameritrade and the proceeds and the un-invested cash was then given to the MDOR. The damage there must be calculated. The account had held about $7500.00, but Lockwood at this time has no exact number of what was turned over to MDOR. The damages could be much higher, for the stock market as a whole has increased dramatically since the levy by MDOR TD Ameritrade closed the account, with all of its contents tendered to the MDOR.

11. The MDOR send monthly notices, threatening more levies and seizures. Lockwood has begun to investigate what other damage has been caused by MDOR's actions.

12. MDOR filed new tax liens, which destroyed Lockwood's credit rating. Lockwood had just reached the passage of time where his bankruptcy filing was no longer considered in his credit rating.

13. The new MDOR liens caused the immediate reduction of one credit card limit to $500.00, and his second card, which had a zero balance may be cancelled, for it is 'under review."

14. The only things not (yet?) levied are the $77, as of 1/28/2018, in his checking account and his unregistered Audi, listed on his bankruptcy filing. See following paragraphs 17-19 for damages caused by MDOR actions surrounding the vehicle.

15. In 2017, Lockwood was engaged in litigation with his landlord, and a settlement was reached in December 2017. The attorney for the landlord told the Hearing officer that his client was being foreclosed upon, and the bank wanted the building cleared. Lockwood agreed to drop his Superior Court lawsuit as part of a broader settlement, in the interest of judicial economy. A win in Essex Superior Court against a landlord who had previously filed bankruptcy, and seemed poised to do it again, would have been, at best, a Pyrrhic victory.

16.  The MDOR lien ruined Lockwood's credit, as noted above. At the time Lockwood made the settlement, his thought process did not take into account the damage to his status as an acceptable tenant. Lockwood has not yet found a new apartment, despite the efforts of Elder Care to assist, so far, and all of his applications have been turned down.

17.  In the summer of 2017, the MDOR caused the Massachusetts of Motor Vehicles to suspend Lockwood's driver's license, and has blocked the renewal of that license.

18.  The suspension of Lockwood's driver's license triggered the cancellation of Lockwood's auto insurance, which in turn, caused the Registry to suspend the registration of his vehicle.

19. The suspension of the registration caused Lockwood to be awakened at 6:30 AM by the sound of a tow truck, accompanied by a Salem police cruiser, hooking up a car  (belonging to his son of the same name) to tow.  Lockwood further notes , for the record, that the suspension of the registration notice from the Registry of Motor Vehicles arrived in the mail the day after the police came to tow the vehicle.

WHEREFORE,   Lockwood prays that the Court allow this Motion, determine that MDOR has violated the Settlement by violating the Settlement, cause MDOR to repay Lockwood the value of the levied and seized assets, plus interest and costs, immediately release the liens, provide an explanatory letter for use with prospective landlords, compensate Lockwood for the expenses involved with the license suspension, insurance, registration and the towing incident and whatever other relief to which he may be entitled.

Dated: March 9, 2018

Robert E. Lockwood, Pro SE

617- 240 -4100
Social action 2015
@ gmail. com

U.S. BANKRUPTCY COURT
2018 MAR 12  P 1: 32

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS

U.S. BANKRUPTCY COURT

2018 MAR 12 P 1:32

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 7 |
| Robert E. Lockwood, II | ) | Case No. 10-15249-MSH |
|  | ) |  |
| Debtor. | ) |  |
|  | ) |  |

### AFFIDAVIT OF SERVICE OF THE PLEADING IN ACCORDANCE WITH FRCP 4(1)and(I) made applicable by FRBP 7004(a)

I, Robert E. Lockwood II certify under the pains and penalties of perjury that I on the 10th day of February mailed, via First Class Mail, return receipt requested, true copies of the

**"DEBTOR'S MOTION FOR CONTEMPT AND TO COMPEL COMPLIANCE WITH THIS COURT'S "SETTLEMENT STIPULATION BY AND BETWEEN ROBERT E. LOCKWOOD, II, MASSACHUSETTS DEPARTMENT OF REVENUE, AND STEVEN WEISS IN HIS CAPACITY AS CHAPTER 11 TRUSTEE, RESOLVING OBJECTION TO CLAIM NO. 5"**

to the following additional parties as prescribed in FRBP 7004(b)6 in order to comply with this Court's "Order to Correct Deficiency" dated Feb1, 2018 :

**Massachusetts Department of Revenue**
**Bankruptcy Unit**
**P.O. Box 9564**
**Boston, Massachusetts 02114-9564**

**Office of the Attorney General**
**Commonwealth of Massachusetts**
**One Ashburton Place, 18th Floor**
**Boston, MA 02108**

**Commissioner Christopher C. Harding**
**MDOR**
**100 Cambridge Street**
**Boston, MA 02114**

And to the Clerk for Judge Hoffman, Ms. Regina Brooks,  in the Bankruptcy Court via Priority Mail, for transmittal via the ECF to those on the list for this case.

- Joseph H. Baldiga    jbaldiga@mirickoconnell.com,
  bankrupt@mirickoconnell.com
  - Eric K. Bradford    Eric.K.Bradford@USDOJ.gov
  - Paul W. Carey    pcarey@mirickoconnell.com,
    bankrupt@mirickoconnell.com
  - William J. Cintolo    wcintolo@aol.com
  - Joseph B. Collins    jcollins@hendelcollins.com, smello@hendelcollins.com
  - Gary W. Cruickshank    gwc@cruickshank-law.com
  - Patrick P. Dinardo    pdinardo@sandw.com,
    cbullock@sandw.com;jcarey@sandw.com;nkoslof@sandw.com
  - Molly H. Donohue    molly.h.donohue@irscounsel.treas.gov,
    Janet.F.Appel@irscounsel.treas.gov;bankruptcy.boston@irscounsel.treas.gov
  - James P. Ehrhard    ehrhard@ehrhardlaw.com, cote@ehrhardlaw.com
  - Donald F. Farrell    dff@andersonaquino.com
  - Christopher J. Fein    cjfein@feinlawoffice.com
  - John Fitzgerald    USTPRegion01.BO.ECF@USDOJ.GOV
  - Taruna Garg    tgarg@murthalaw.com, mgarcia@murthalaw.com
  - Karen L. Goodwin    karen.goodwin@usdoj.gov
  - Charles A. Lovell    cal@psh.com, lnc@psh.com
  - Kevin P. McRoy    kevinmcroylaw@outlook.com
  - Ryan E. Prophett    rprophett@wynnandwynn.com
  - Louis S. Robin    louis.robin.bankruptcyECF@gmail.com,
    louis.robin.bankruptcy@gmail.com;robinlr69765@notify.bestcase.com

- Stephan M. Rodolakis    srodolakis@ftwlaw.com,
  mfoss@ftwlaw.com;ftwbankruptcy@ftwlaw.com
- Steven Weiss    sweiss@ssfpc.com, MA11@ecfcbis.com;astephan@ssfpc.com
- Steven Weiss    sweiss@ssfpc.com, MA11@ecfcbis.com;astephan@ssfpc.com
- Steven Weiss    sweiss@ssfpc.com, alewkowicz@ssfpc.com
- Anne J. White    awhitetrustee@jdenseo.com
- Steven ZZ-Weiss    sweiss@ssfpc.com

3/10/2018

**Robert E. Lockwood II**
**(617-240-4100**
Socialaction2015@gmail.com

**Please note new email address.**

Exhibit List of Motion...

A.   Settlement Stipulation
B.   Denial of MDOR motion
.    2004 order RE: MDOR zaikis
D.   Lien Releases 2016
E.   Notices from MDOR
F.   Letters from R. Lockwood → MDOR
G.   SBLi communications
H.   Letter and mail Receipts for corrective Filing.
I.

K.

L.

Q.

R.

T.

U.

V.

X.

Settlement Stipulation

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| In re: | ) | **Chapter 11** |
|  | ) | **Case No. 10-15249-HJB** |
| **ROBERT E. LOCKWOOD, II,** | ) |  |
|  | ) |  |
| **Debtor** | ) |  |
|  | ) |  |

### SETTLEMENT STIPULATION BY AND BETWEEN
### ROBERT E. LOCKWOOD, II, MASSACHUSETTS DEPARTMENT
### OF REVENUE, AND STEVEN WEISS IN HIS CAPACITY AS
### CHAPTER 11 TRUSTEE, RESOLVING OBJECTION TO CLAIM NO. 5

This Settlement Stipulation is entered into by and between Robert E. Lockwood, II, the debtor in the above-captioned case ("Lockwood"), the Massachusetts Department of Revenue ("MDOR"), and Steven Weiss in his capacity as Chapter 11 Trustee (the "Trustee"), pursuant to Mass. G. L. c. 62C, § 37C.

WHEREAS, Lockwood commenced the above-captioned case by filing a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq., with the United States Bankruptcy Court for the District of Massachusetts ("Bankruptcy Court") on May 13, 2010 (the "Petition Date"), and thereupon became, and continued to serve as, debtor-in-possession;

WHEREAS, on March 4, 2011, MDOR timely filed Claim No. 5 setting forth a claim against Lockwood for unpaid Massachusetts taxes, including interest and penalties, that arose prior to the Petition Date;

WHEREAS, on March 16, 2011, Lockwood filed an objection to Claim No. 5;

WHEREAS, the Bankruptcy Court scheduled an evidentiary hearing on Lockwood's objection for October 10, 2011, which was subsequently continued to June 4, 2012;

WHEREAS, on May 14, 2012, the Bankruptcy Court appointed Steven Weiss to serve as Chapter 11 Trustee, and Lockwood's tenure as debtor-in-possession was terminated;

WHEREAS, Lockwood retained standing to proceed with his objection to Claim No. 5;

WHEREAS, Lockwood's objection to Claim No. 5 raises numerous novel and complex factual and legal issues under the Massachusetts tax laws that would require extensive, costly, and time-consuming litigation;

WHEREAS, MDOR, Lockwood, and the Trustee desire to settle the issues raised by Lockwood's objection to Claim No. 5, and agree that the resolution of this matter is in the best interest of all the parties and the bankruptcy estate;

NOW, THEREFORE, in consideration of the promises and agreements set forth herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, MDOR, Lockwood, and the Trustee stipulate and agree as follows, with all such stipulations and agreements to take effect on the sixteenth day after the Bankruptcy Court enters an order, after notice and hearing, approving this Settlement Stipulation.

1.      MDOR withdraws, with prejudice, the following components of Claim No. 5 consisting of the total of the amounts identified as tax, interest, and penalty, which are disallowed with prejudice as claims against Lockwood and the above-captioned Chapter 11 estate:

a.      The Income Tax ("IT") claims (i) for the years ending Dec 04, Dec 05, Dec 06, and Dec 07, in the total amount of $100,000, (ii) for the years ending Dec 08, and Dec 09 in the total amount of $12,254.66; and (iii) for the years ending Dec 91 and Dec 92 in the total amount of $82,256.40.

b.      The contempt judgment in <u>Commonwealth v. Lockwood</u>, Superior Court Department Civil Action No. 08-2048-D, in the total amount of $49,000;

c.      The claim captioned "BOMO Corporation 042-896-595" for (i) meals tax ("MT") for the quarters ending Jun 91, Sept 91, Dec 91, Mar 91, in the total amount of $240,370.17and (ii) for withholding tax ("WH") for the quarters ending Dec 90 through Mar 92, in the total amount of $90,157.48;

d.      The claim captioned "Gray's Security Corporation 043-065-388" for withholding tax ("WT") for quarters ending Mar 06 to Jun 09 in the amount of $60,390.98; and

e.      That portion of the claim captioned "33 Dunster Street 042-494-927" for meals tax ("MT") for the quarters ending Mar 89 through Dec 90, in the total amount of $812,243.41.

2.      The following three components of Claim No. 5 are allowed as a priority tax claim under 11 U.S.C. § 507(a)(8)(C) in the amount of $335,000.00 (the "Agreed Amount"):

a.      That portion of the claim captioned "33 Dunster Street  042-494-927" for meals tax ("MT") for the quarters ending Mar 91, June 91, Sep 91, and Dec 91;

b.      The claim captioned "Connect Plus International Corporation  200-120-574" for withholding tax ("WH") for the quarters ending Sep 03, Dec 03, Sep 04, and Dec 04; and

c.      The claim captioned "Employment Leasing Corporation 043-139-896" for withholding tax ("WH") for the quarter ending Jun 92.

d.      To the extent that the total amount of the foregoing three tax claims set forth in Claim No. 5 exceeds the Agreed Amount of MDOR's claim, the said excess amount is withdrawn by MDOR and is disallowed with prejudice.

     e.     MDOR may apply any payments of the Agreed Amount that it receives to any of the foregoing three allowed tax claims listed in this paragraph.

     f.     Lockwood and the Trustee withdraw and release any objection to the foregoing three allowed tax claims listed in this paragraph, including the objection filed by Lockwood on March 16, 2011.

3.     Payment of the Agreed Amount of MDOR's claim in the manner required by 11 U.S.C. § 1129(a)(9)(C) shall be provided for in any confirmed plan of reorganization that is proposed by Lockwood, the Trustee, or any other interested party, except that MDOR agrees to the following different treatment of its claim:

     a.     The Agreed Amount of MDOR's claim shall accrue simple interest at the rate of 4% per annum from the effective date of the confirmed plan until paid in full.

     b.     The confirmed plan of reorganization shall provide for payment in full of any allowed claim for past or presently due alimony or child support payments held by Mary Healy (the "Allowed Healy Claim") before and in priority to payment of the Agreed Amount of MDOR's claim, provided, that interest accruing on the Agreed Amount of MDOR's claims, in the amount of $1,116.67, shall be paid in full at the end of each month from the effective date of the confirmed plan until the Allowed Healy Claim is paid in full.

     c.     Commencing with the first month after the Allowed Healy Claim is paid in full, the Agreed Amount of MDOR's claim shall be paid in accordance with the schedule attached hereto as Exhibit A and incorporated herein as if set forth in full, in equal monthly installments (except for the final payment) on the last day of each month.

4.      All notices of tax liens recorded by MDOR against Lockwood shall be revoked and discharged pursuant to 11 U.S.C. § 506(a), and the Bankruptcy Court will be requested to enter an order to this effect after the entry of an order approving this Settlement Stipulation.

5.      Lockwood and the Trustee, jointly and severally, permanently and unconditionally release, waive, discharge, relinquish, give up and surrender any claim of any kind, nature or description, whether at law or in equity, and whether arising under state or federal law or the law of any other jurisdiction, from the beginning of the world to the present date, against MDOR, its agents, servants, managers, officers, and attorneys.

6.      Within thirty days after the Bankruptcy Court enters an order approving this Settlement Stipulation:

        a.      MDOR and Lockwood shall file a stipulation of dismissal with prejudice pursuant to Mass. R. Civ. P. Rule 41(a) dismissing the civil action known as and numbered Robert E. Lockwood, II, v. Commissioner of Massachusetts Department of Revenue, Probate and Family Court, Essex County Division, Docket No. 10-E-0041-QC;

        b.      MDOR and Lockwood shall file a stipulation of dismissal with prejudice pursuant to Mass. R. Civ. P. Rule 41(a) dismissing the civil action known as and numbered Commonwealth v. Lockwood et al., Suffolk Superior Court No. 07-1460-H; and

        c.      Lockwood shall file a withdrawal with prejudice, pursuant to Appellate Tax Board Rules of Practice and Procedure 831 CMR 1.21(1), of the petition in the appeal to the Appellate Tax Board known as and numbered Robert E. Lockwood, II Deemed Responsible Person for Connect Plus International, Inc. v. Commissioner of Revenue, Appellate Tax Board Docket No. C298677.

7.      Any and all admissions by Lockwood contained herein are for the purpose of

settlement only, and shall not be admissible at any trial, whether involving Lockwood or a third

party, including but not limited to any claim by MDOR or any other party seeking to revoke,

modify or limit the scope of Lockwood's discharge under 11 U.S.C. § 727.

8.      Facsimile copies of original signatures to this Settlement Stipulation are valid to

the same extent as the original signatures.

9.      All payments of the Agreed Amount of MDOR's claim, and of interest thereon,

shall be issued to the "Commonwealth of Massachusetts" and delivered to the Bankruptcy Unit,

Massachusetts Department of Revenue, P.O. Box 9564, 100 Cambridge Street, 7th Floor, Boston,

MA 02114-9565.


ROBERT E. LOCKWOOD, II

MASSACHUSETTS DEPARTMENT OF
REVENUE
By its attorney,

_____        _____
Robert E. Lockwood, II                    Jeffrey S. Ogilvie (BBO 377815)
89 West Street                            Mass. Dept. of Revenue
Beverly, MA 01915                         Litigation Bureau
Dated: _____, 2012               100 Cambridge Street, P.O. Box 9565
                                          Boston, MA  02114
                                          Tel: 617-626-3223
STEVEN WEISS, IN HIS CAPACITY AS          Dated: June 1, 2012
CHAPTER 11 TRUSTEE


_____
Steven Weiss, in his capacity as Chapter 11
Trustee
Schatz, Schwartz and Fentin, P.C.
1411 Main Street
Springfield, MA  01103
(413) 737-1131
Dated: _____, 2012

7. Any and all admissions by Lockwood contained herein are for the purpose of settlement only, and shall not be admissible at any trial, whether involving Lockwood or a third party, including but not limited to any claim by MDOR or any other party seeking to revoke, modify or limit the scope of Lockwood's discharge under 11 U.S.C. § 727.

8. Facsimile copies of original signatures to this Settlement Stipulation are valid to the same extent as the original signatures.

9. All payments of the Agreed Amount of MDOR's claim, and of interest thereon, shall be issued to the "Commonwealth of Massachusetts" and delivered to the Bankruptcy Unit, Massachusetts Department of Revenue, P.O. Box 9564, 100 Cambridge Street, 7th Floor, Boston, MA 02114-9565.


ROBERT E. LOCKWOOD, II



Robert E. Lockwood, II
89 West Street
Beverly, MA 01915
Dated: __MAY 31__, 2012


STEVEN WEISS, IN HIS CAPACITY AS
CHAPTER 11 TRUSTEE



Steven Weiss, in his capacity as Chapter 11
Trustee
Schatz, Schwartz and Fentin, P.C.
1411 Main Street
Springfield, MA 01103
(413) 737-1131
Dated: _____, 2012

MASSACHUSETTS DEPARTMENT OF
REVENUE
By its attorney,


Jeffrey S. Ogilvie (BBO 377815)
Mass. Dept. of Revenue
Litigation Bureau
100 Cambridge Street, P.O. Box 9565
Boston, MA 02114
Tel: 617-626-3223
Dated: _____, 2012



7.    Any and all admissions by Lockwood contained herein are for the purpose of settlement only, and shall not be admissible at any trial, whether involving Lockwood or a third party, including but not limited to any claim by MDOR or any other party seeking to revoke, modify or limit the scope of Lockwood's discharge under 11 U.S.C. § 727.

8.    Facsimile copies of original signatures to this Settlement Stipulation are valid to the same extent as the original signatures.

9.    All payments of the Agreed Amount of MDOR's claim, and of interest thereon, shall be issued to the "Commonwealth of Massachusetts" and delivered to the Bankruptcy Unit, Massachusetts Department of Revenue, P.O. Box 9564, 100 Cambridge Street, 7th Floor, Boston, MA 02114-9565.

ROBERT E. LOCKWOOD, II

MASSACHUSETTS DEPARTMENT OF REVENUE
By its attorney,

---

Robert E. Lockwood, II
89 West Street
Beverly, MA 01915
Dated: _____, 2012

---

Jeffrey S. Ogilvie (BBO 377815)
Mass. Dept. of Revenue
Litigation Bureau
100 Cambridge Street, P.O. Box 9565
Boston, MA 02114
Tel: 617-626-3223
Dated: _____, 2012

STEVEN WEISS, IN HIS CAPACITY AS
CHAPTER 11 TRUSTEE

---

Steven Weiss, in his capacity as Chapter 11
Trustee
Schatz, Schwartz and Fentin, P.C.
1411 Main Street
Springfield, MA 01103
(413) 737-1131
Dated: _Sune 1_____, 2012

Page 6 of 6

**ROBERT E. LOCKWOOD, II**
Ch. 11, No. 10-15249-HJB

| | | |
|---|---|---|
| Tax Liability: | $335,000.00 | |
| Final Balloon Payment: | $35,000.00 | |
| Amortized amount: | $300,000.00 | |
| Annual Interest Rate: | 4.00% | |
| Monthly Interest Rate: | 0.33333% | |
| Payment Period (# of months): | 60 | |

Monthly Pmt of Amortized Amt.   $5,524.96

**Monthly Interest-Only Payments**
**Pursuant to Settlement Stipulation Par. 3(b)**

| | |
|---|---|
| Interest on Amortized Amount: | $1,000.00 |
| Interest on Balloon Payment: | $116.67 |
| Total: | $1,116.67 |

| Pmt. No. | Interest | Amortized Amount Principal | Amortized Amount Monthly Pmt. | Balance Due | Balloon Pmt. Interest | Total Monthly Pmt. |
|---|---|---|---|---|---|---|
| 1 | $1,000.00 | $4,524.96 | $5,524.96 | $295,475.04 | $116.67 | $5,641.63 |
| 2 | $984.92 | $4,540.04 | $5,524.96 | $290,935.00 | $116.67 | $5,641.63 |
| 3 | $969.78 | $4,555.17 | $5,524.96 | $286,379.83 | $116.67 | $5,641.63 |
| 4 | $954.60 | $4,570.36 | $5,524.96 | $281,809.47 | $116.67 | $5,641.63 |
| 5 | $939.36 | $4,585.59 | $5,524.96 | $277,223.88 | $116.67 | $5,641.63 |
| 6 | $924.08 | $4,600.88 | $5,524.96 | $272,623.00 | $116.67 | $5,641.63 |
| 7 | $908.74 | $4,616.21 | $5,524.96 | $268,006.79 | $116.67 | $5,641.63 |
| 8 | $893.36 | $4,631.60 | $5,524.96 | $263,375.19 | $116.67 | $5,641.63 |
| 9 | $877.92 | $4,647.04 | $5,524.96 | $258,728.15 | $116.67 | $5,641.63 |
| 10 | $862.43 | $4,662.53 | $5,524.96 | $254,065.62 | $116.67 | $5,641.63 |
| 11 | $846.89 | $4,678.07 | $5,524.96 | $249,387.55 | $116.67 | $5,641.63 |
| 12 | $831.29 | $4,693.66 | $5,524.96 | $244,693.89 | $116.67 | $5,641.63 |
| 13 | $815.65 | $4,709.31 | $5,524.96 | $239,984.58 | $116.67 | $5,641.63 |
| 14 | $799.95 | $4,725.01 | $5,524.96 | $235,259.57 | $116.67 | $5,641.63 |
| 15 | $784.20 | $4,740.76 | $5,524.96 | $230,518.81 | $116.67 | $5,641.63 |
| 16 | $768.40 | $4,756.56 | $5,524.96 | $225,762.25 | $116.67 | $5,641.63 |
| 17 | $752.54 | $4,772.42 | $5,524.96 | $220,989.83 | $116.67 | $5,641.63 |
| 18 | $736.63 | $4,788.32 | $5,524.96 | $216,201.51 | $116.67 | $5,641.63 |
| 19 | $720.67 | $4,804.28 | $5,524.96 | $211,397.22 | $116.67 | $5,641.63 |
| 20 | $704.66 | $4,820.30 | $5,524.96 | $206,576.92 | $116.67 | $5,641.63 |
| 21 | $688.59 | $4,836.37 | $5,524.96 | $201,740.56 | $116.67 | $5,641.63 |
| 22 | $672.47 | $4,852.49 | $5,524.96 | $196,888.07 | $116.67 | $5,641.63 |
| 23 | $656.29 | $4,868.66 | $5,524.96 | $192,019.41 | $116.67 | $5,641.63 |
| 24 | $640.06 | $4,884.89 | $5,524.96 | $187,134.52 | $116.67 | $5,641.63 |
| 25 | $623.78 | $4,901.17 | $5,524.96 | $182,233.34 | $116.67 | $5,641.63 |
| 26 | $607.44 | $4,917.51 | $5,524.96 | $177,315.83 | $116.67 | $5,641.63 |
| 27 | $591.05 | $4,933.90 | $5,524.96 | $172,381.92 | $116.67 | $5,641.63 |
| 28 | $574.61 | $4,950.35 | $5,524.96 | $167,431.57 | $116.67 | $5,641.63 |
| 29 | $558.11 | $4,966.85 | $5,524.96 | $162,464.72 | $116.67 | $5,641.63 |
| 30 | $541.55 | $4,983.41 | $5,524.96 | $157,481.32 | $116.67 | $5,641.63 |
| 31 | $524.94 | $5,000.02 | $5,524.96 | $152,481.30 | $116.67 | $5,641.63 |
| 32 | $508.27 | $5,016.69 | $5,524.96 | $147,464.61 | $116.67 | $5,641.63 |
| 33 | $491.55 | $5,033.41 | $5,524.96 | $142,431.20 | $116.67 | $5,641.63 |
| 34 | $474.77 | $5,050.19 | $5,524.96 | $137,381.02 | $116.67 | $5,641.63 |
| 35 | $457.94 | $5,067.02 | $5,524.96 | $132,314.00 | $116.67 | $5,641.63 |
| 36 | $441.05 | $5,083.91 | $5,524.96 | $127,230.09 | $116.67 | $5,641.63 |
| 37 | $424.10 | $5,100.86 | $5,524.96 | $122,129.23 | $116.67 | $5,641.63 |
| 38 | $407.10 | $5,117.86 | $5,524.96 | $117,011.37 | $116.67 | $5,641.63 |
| 39 | $390.04 | $5,134.92 | $5,524.96 | $111,876.45 | $116.67 | $5,641.63 |
| 40 | $372.92 | $5,152.04 | $5,524.96 | $106,724.42 | $116.67 | $5,641.63 |
| 41 | $355.75 | $5,169.21 | $5,524.96 | $101,555.21 | $116.67 | $5,641.63 |
| 42 | $338.52 | $5,186.44 | $5,524.96 | $96,368.77 | $116.67 | $5,641.63 |
| 43 | $321.23 | $5,203.73 | $5,524.96 | $91,165.04 | $116.67 | $5,641.63 |
| 44 | $303.88 | $5,221.07 | $5,524.96 | $85,943.97 | $116.67 | $5,641.63 |
| 45 | $286.48 | $5,238.48 | $5,524.96 | $80,705.49 | $116.67 | $5,641.63 |
| 46 | $269.02 | $5,255.94 | $5,524.96 | $75,449.55 | $116.67 | $5,641.63 |
| 47 | $251.50 | $5,273.46 | $5,524.96 | $70,176.10 | $116.67 | $5,641.63 |
| 48 | $233.92 | $5,291.04 | $5,524.96 | $64,885.06 | $116.67 | $5,641.63 |
| 49 | $216.28 | $5,308.67 | $5,524.96 | $59,576.39 | $116.67 | $5,641.63 |
| 50 | $198.59 | $5,326.37 | $5,524.96 | $54,250.02 | $116.67 | $5,641.63 |
| 51 | $180.83 | $5,344.12 | $5,524.96 | $48,905.89 | $116.67 | $5,641.63 |
| 52 | $163.02 | $5,361.94 | $5,524.96 | $43,543.96 | $116.67 | $5,641.63 |
| 53 | $145.15 | $5,379.81 | $5,524.96 | $38,164.15 | $116.67 | $5,641.63 |
| 54 | $127.21 | $5,397.74 | $5,524.96 | $32,766.40 | $116.67 | $5,641.63 |
| 55 | $109.22 | $5,415.74 | $5,524.96 | $27,350.67 | $116.67 | $5,641.63 |
| 56 | $91.17 | $5,433.79 | $5,524.96 | $21,916.88 | $116.67 | $5,641.63 |
| 57 | $73.06 | $5,451.90 | $5,524.96 | $16,464.98 | $116.67 | $5,641.63 |
| 58 | $54.88 | $5,470.07 | $5,524.96 | $10,994.91 | $116.67 | $5,641.63 |
| 59 | $36.65 | $5,488.31 | $5,524.96 | $5,506.60 | $116.67 | $5,641.63 |
| 60 | $18.36 | $5,506.60 | $5,524.96 | ($0.00) | $116.67 | $5,641.63 |
| Final Balloon Payment: | | $35,000.00 | | | $116.67 | $35,116.67 |

# B

Denial of MDOR
motion for Relief

# UNITED STATES BANKRUPTCY COURT, DISTRICT OF MASSACHUSETTS
### Proceeding Memorandum/Order of Court

**In Re:**  Robert E Lockwood                    **Case Number:** 10-15249                **Ch:** 11

**MOVANT/APPLICANT/PARTIES:**

#22 Motion of Massachusetts Dept. of Revenue for Relief from Stay (re: state court proceedings
in which Debtor is a party)

**OUTCOME:**

_____Granted_____Denied_____Approved_____ Sustained

_____Denied_____Denied without prejudice_____Withdrawn in open court_____Overruled

_____OSC enforced/released

_____Continued to:_____For:_____

_____Formal order/stipulation to be submitted by:_____Date due:_____

_____Findings and conclusions dictated at close of hearing incorporated by reference

_____Taken under advisement: Brief(s) due_____From_____
                               Response(s) due_____From_____

_____Fees allowed in the amount of: $_____Expenses of: $_____

_____No appearance/response by:_____

___✓___DECISION SET OUT MORE FULLY BY COURT AS FOLLOWS:


HEARING HELD 07/15/10

THIS MOTION IS DENIED.


IT IS SO NOTED:                                    IT IS SO ORDERED:

                                                   _Henry John Boroff_

_____                       _____  Dated: 07/20/2010

Courtroom Deputy                                   Henry J. Boroff, U.S. Bankruptcy Judge

EXHIBIT C

2004 order RE:Moor +
Andrew ZAiKis

UNITED STATES BANKRUPTCY COURT, DISTRICT OF MASSACHUSETTS
Proceeding Memorandum/Order of Court

**In Re:**  Robert E Lockwood                  **Case Number:**  10-15249          **Ch:**  11

**MOVANT/APPLICANT/PARTIES:**

#176 Motion of Robert E. Lockwood, II for 2004 Examination of Andrew Zaikis of the
Massachusetts Department of Revenue

**OUTCOME:**

_____Granted_____Denied_____Approved_____Sustained

_____Denied_____Denied without prejudice_____Withdrawn in open court_____Overruled

_____OSC enforced/released

_____Continued to:_____For :_____

_____Formal order/stipulation to be submitted by:_____Date due:_____

_____Findings and conclusions dictated at close of hearing incorporated by reference

_____Taken under advise ment: Brief(s) due_____From_____

                          Response(s) due_____From_____

_____Fees allowed in the amount of: $_____Expenses of: $_____

_____No appearance/response by:_____

___✓___DECISION SET OUT MORE FULLY BY COURT AS FOLLOWS:


GRANTED, BUT LIMITED TO THE AREAS OF INQUIRY SET FORTH IN THE MOTION.


IT IS SO NOTED:                          IT IS SO ORDERED:

_____                  _____
Courtroom Deputy                                              Dated: 02/09/2011

EXHIBIT D

MDOR 2016 LIEN
RELEASES



MASSACHUSETTS DEPARTMENT OF REVENUE
PO BOX 7021
BOSTON, MA 02204-7021
COLLECTIONS BUREAU
(617) 887-6400

Letter ID: L0011322368
Notice Date: August 15, 2016
MA Taxpayer ID: 10539141

# RELEASE OF MASSACHUSETTS TAX LIEN

EMPLOYMENT LEASING CORPORTION
89 WEST ST
BEVERLY MA 01915-2227

## Why did you receive this notice?

The Department of Revenue has released a tax lien that was filed against you. Review the information below and contact the Collections Bureau at (617) 887-6400 if you have any questions about this notice.

## Taxpayer Information

| | |
|---|---|
| Taxpayer Name | BLACKSTONE FINANCIAL HOLDINGS, LLC\|\|ALTER EGO OF ROBERT E LOCKWOOD 2 |
| Social Security Number | XX-XXX3739 |
| Federal Identification Number | XX-XXX8024 |
| Address | 90 RANTOUL ST |
| | BEVERLY MA 01915 |

## Lien Information

| | |
|---|---|
| Registry of Deeds Location | ESSEX COUNTY, SALEM, MA |
| Secretary of State Release Date | 8/15/2016 |
| Lien Identification Number | 106681M00000 |
| Lien Amount | $297,545.71 |
| Lien Filed Date | 2/17/2010 |
| Lien Released Date | 8/15/2016 |

**MASSACHUSETTS DEPARTMENT OF REVENUE**
PO BOX 7021
BOSTON. MA 02204-7021
COLLECTIONS BUREAU
(617) 887-6400

Letter ID: L1633264640
Notice Date: August 15, 2016
MA Taxpayer ID: 10539141

# RELEASE OF MASSACHUSETTS TAX LIEN



EMPLOYMENT LEASING CORPORTION
89 WEST ST
BEVERLY MA  01915-2227

## Why did you receive this notice?

The Department of Revenue has released a tax lien that was filed against you. Review the information below and contact the Collections Bureau at (617) 887-6400 if you have any questions about this notice.

## Taxpayer Information

| | |
|---|---|
| Taxpayer Name | ROBERT E LOCKWOOD 2 GRANTOR/BENEFICIARY/OWNER |
| | 89 WEST STREET REALTY TRUST |
| Social Security Number | XXX-XX-3739 |
| Federal Identification Number | XX-XXX9896 |
| Address | 89 WEST ST |
| | BEVERLY MA 01915-0519 |

## Lien Information

| | |
|---|---|
| Registry of Deeds Location | ESSEX COUNTY, SALEM, MA |
| Secretary of State Release Date | 8/15/2016 |
| Lien Identification Number | 105915M00000 |
| Lien Amount | $493,335.36 |
| Lien Filed Date | 9/22/2008 |
| Lien Released Date | 8/15/2016 |



MASSACHUSETTS DEPARTMENT OF REVENUE
PO BOX 7021
BOSTON, MA 02204-7021
COLLECTIONS BUREAU
(617) 887-6400

Letter ID: L0548193280
Notice Date: August 15, 2016
MA Taxpayer ID: 10539141

# RELEASE OF MASSACHUSETTS TAX LIEN



EMPLOYMENT LEASING CORPORTION
89 WEST ST
BEVERLY MA 01915-2227

## Why did you receive this notice?

The Department of Revenue has released a tax lien that was filed against you. Review the information below and contact the Collections Bureau at (617) 887-6400 if you have any questions about this notice.

## Taxpayer Information

| | |
|---|---|
| Taxpayer Name | BLACKSTONE FINANCIAL HOLDINGS, LLC||ALTER EGO OF ROBERT E LOCKWOOD 2 |
| Federal Identification Number | XX-XXX9896 |
| Address | C-3 SHIPWAY PLACE |
| | CHARLESTOWN MA 02129 |

## Lien Information

| | |
|---|---|
| Registry of Deeds Location | SUFFOLK COUNTY, BOSTON, MA |
| Secretary of State Release Date | 8/15/2016 |
| Lien Identification Number | 106684M00000 |
| Lien Amount | $297,545.71 |
| Lien Filed Date | 2/17/2010 |
| Lien Released Date | 8/15/2016 |

COMMONWEALTH OF MASSACHUSETTS
**DEPARTMENT OF REVENUE**
P.O. BOX 7021
BOSTON, MA 02204





030C
EMPLOYMENT LEASING CORPORTION
89 WEST ST
BEVERLY MA 01915-2227

| | |
|---|---|
| Notice Date: | **11/04/15** |
| Taxpayer ID Number: | **043 139 896** |
| Case Number: | **001** |
| Notice ID Number: | **20033** |

Control #  82959646F

## *Taxpayer Copy*
## *RELEASE OF MASSACHUSETTS TAX LIEN*

CONNECT PLUS INTERNATIONAL CORP. ALTER E          043 139 896
ROBERT E LOCKWOOD 2                               154363739
**Address:** 157 SHREWSBURY ST
**City:**     WORCESTER          **State:**   MA
**Zip:**      01604

You are advised that the outstanding Massachusetts Tax Lien in the Office of the Secretary of State of Boston and in the following place listed below has been released from record.

Registry Name:          *WORCESTER COUNTY, WORCESTER, MA*
*Secretary of State Release:*   *11/03/15*
*Lien Total Amount:*            *$297450.72*
*Lien DIN:*                     *106764M00000*

MOOR   NOTICES to
Lockwood

EXHIBIT E

**Commonwealth of Massachusetts**
Department of Revenue
Michael J. Heffernan, Commissioner

mass.gov/dor

Letter ID: L1108059648
Notice Date: April 8, 2017
MA Taxpayer ID: 15987187

## STATEMENT OF ACCOUNT





# APT 2
ROBERT E LOCKWOOD
149 FEDERAL ST
SALEM MA  01970-3243

**This is a notice that you haven't paid your tax liability and owe $16,353.64.**

---

### *Why did I receive this notice?*

You haven't paid your tax liability of $16,353.64.

This notice details all tax periods, including applicable interest and penalties through April 8, 2017. We hereby demand payment of $16,353.64. All payments are due as stated in the original notices you have received.

---

### *What should I do?*

Review the information in this notice. Then, do the following:

- If you agree, pay $16,353.64 by April 28, 2017 to avoid additional interest and penalties. Go to mass.gov/masstaxconnect to pay in full or to request a payment agreement using your bank account or with a credit card. You may also pay by mail using the voucher included with this notice.

- If you disagree or would like to appeal any penalties assessed, request an abatement online at mass.gov/masstaxconnect.

Please note: If you already have an active payment agreement, please continue to adhere to the terms of that agreement. Please review this notice to ensure your payment agreement includes all balances stated on this notice. If it does not include all balances, please use the contact information below to establish new terms of your payment agreement.

---

### *Balance Summary*

|  | Tax | Penalties | Interest | Other | Total |
|---|---|---|---|---|---|
| Totals from this assessment | $10,419.23 | $657.33 | $5,679.03 | $0.00 | $16,755.59 |
| Payments/credits/offsets to date |  |  |  |  | ($401.95) |
| Current balance |  |  |  |  | $16,353.64 |



## *Demand For Payment*

### Personal Income Tax

**PIT-15987187-002**

| Period End Date | Assessment Date | | Tax | Penalties | Interest | Other | Total |
|---|---|---|---|---|---|---|---|
| 12/31/2004 | 08/12/2016 | 2 | $1,942.40 | $464.20 | $1,429.57 | $0.00 | $3,836.17 |
| 12/31/2005 | 08/12/2016 | 2 | $1,962.48 | $450.86 | $1,545.12 | $0.00 | $3,958.46 |
| 12/31/2006 | 08/16/2016 | 2 | $2,118.15 | $487.54 | $1,349.62 | $0.00 | $3,955.31 |
| 12/31/2007 | 08/16/2016 | 2 | $2,149.42 | $494.47 | $1,077.52 | $0.00 | $3,721.41 |
| 12/31/2008 | 08/16/2016 | 2 | $2,246.78 | $0.00 | $124.26 | $0.00 | $2,371.04 |
| | | | | | Payments/credits/offsets to date | | ($401.95) |
| | | | | | Current balance | | $17,440.44 |

*2 = This assessment is a result of an audit.*

See below for information about how interest is calculated and descriptions of penalties you have accrued. Note that additional interest and penalty charges will accrue until the total amount owed is paid.

*Interest - Interest is calculated on the outstanding balance at the federal short term interest rate plus four percentage points. Interest is compounded daily and is calculated out until the due date of this notice.*

*Late Payment Penalty - If all of the tax due is not paid by the due date, a late payment penalty of 1% per month is charged on any unpaid tax. The late payment penalty cannot exceed 25% of the unpaid tax.*



Commonwealth of Massachusetts
Department of Revenue
Michael J. Heffernan, Commissioner

mass.gov/dor

Letter ID: L1197531648
Notice Date: February 16, 2017
MA Taxpayer ID: 15987187

# NOTICE OF INTENT TO SUSPEND DRIVER'S LICENSE



# APT 2
ROBERT E LOCKWOOD
149 FEDERAL ST
SALEM MA  01970-3243

| *Why did you receive this notice?* |
|---|

You have failed to pay the tax liabilities set forth in this notice.

If your outstanding balance of [!pcurSOATotal] isn't paid in full by March 18, 2017, the Department of Revenue (DOR) will instruct the Registry of Motor Vehicles (RMV) to suspend your driver's license and/or vehicle registration on or after March 18, 2017.

## *Summary Information*

| | |
|---|---|
| Tax Liability | $8,172.45 |
| Interest | $5,463.13 |
| Penalties | $515.96 |
| Other Liability | $0.00 |
| Credits | ($401.95) |
| ***Total Amount Due*** | ***$13,749.59*** |

------------- ✄ -------- **CUT HERE AND RETURN IN ENVELOPE** -------- ✄ -------------

001    **Payment Voucher**

**Massachusetts Department of Revenue**

| MA Taxpayer ID | Payment Due Date | Amount Due | Amount Enclosed | | | |
|---|---|---|---|---|---|---|
| 15987187 | **March 18, 2017** | **$13,749.59** | | | | |

| | Payment Number | Tax Type | Voucher Type | ID Type | Vendor Code |
|---|---|---|---|---|---|
| # APT 2<br>ROBERT E LOCKWOOD<br>149 FEDERAL ST<br>SALEM MA  01970-3243 | 14178030726 | 999 | 07 | 001 | 0001 |

*Paying taxes means more money for roads, schools and public safety in your community.*

Pay online at mass.gov/masstaxconnect, or return this voucher with a check or money order payable to: Commonwealth of Massachusetts.

Mail to:



MASSACHUSETTS DEPT OF REVENUE
PO BOX 7089
BOSTON, MA 02204-7089

00114178030726 000000 0000000000 999 070010001 0013749596



ıllıllıllıllıllıllıllıllıllıllıllıllıllıllıllıll

Letter ID:    L1197531648
Notice Date:    February 16, 2017
MA Taxpayer ID:    15987187

## Details of what you owe

### PIT

PIT-15987187-002

| Period End Date | Assessment Date | | Tax Liability + | Interest + | Penalty + | Other Liability + | Credits = | Amount Due |
|---|---|---|---|---|---|---|---|---|
| 12/31/2004 | 08/12/2016 | 2 | $1,942.40 | $1,443.28 | $0.00 | $0.00 | ($401.95) | $2,983.73 |
| 12/31/2005 | 08/12/2016 | 2 | $1,962.48 | $1,561.04 | $0.00 | $0.00 | $0.00 | $3,523.52 |
| 12/31/2006 | 08/16/2016 | 2 | $2,118.15 | $1,365.45 | $0.00 | $0.00 | $0.00 | $3,483.60 |
| 12/31/2007 | 08/16/2016 | 2 | $2,149.42 | $1,093.36 | $515.96 | $0.00 | $0.00 | $3,758.74 |
| | | | | | | | | $13,749.59 |

### Total Amount Due

$13,749.59

*2 = This assessment is a result of an audit.*

### What happens if you don't respond?

If you don't pay in full or contact us about a payment agreement by March 18, 2017, your driver's license and/or motor vehicle registration will be suspended. The RMV will charge a fee for reinstatement once they are notified by DOR to return your driver's license and/or motor vehicle registration to active status.

### Where can you find additional information?

Visit our website at mass.gov/dor for one-stop access to taxpayer information. You can learn more about state tax laws and DOR policies and procedures, including your Taxpayer Bill of Rights and the appeals process.

You can file most tax returns, make payments and manage your account at mass.gov/masstaxconnect. You may also contact us by phone at (617) 887-6367 or toll-free in Massachusetts at (800) 392-6089, Monday through Friday, 8:30 a.m. to 4:30 p.m.

EXHIBIT

Lockwood letters to moore

# Robert E. Lockwood II
149 Federal Street
Salem, Massachusetts 01970

To: Massachusetts Department of Revenue          August 4, 2016
    200 Arlington Street
    Room 4300
    Chelsea, MA 02150

Re:  Robert E. Lockwood II

Dear Li Zhou:

I am replying to a flurry of "Notice of Intent to Assess" documents that have come to my apartment recently. Medical crises interfered with my ability to reply earlier. I write now, for I have impending heart surgery which I have been warned carries a risk to my longevity.

I filed Chapter 11 in April 2010, for the sole purpose of defending against the actions of the MDOR, which had persisted for about twenty years. To make a long story short -- or shorter -- the presiding Federal Judge denied the MDOR's repeated attempts to drag things back into the state court, where the MDOR had consistently stalled legal resolution., and stated that I would get my "day in court.' Due discovery was made, and a firm trial date was set. On the eve of that trial, the MDOR, unexpectedly to me or the judge announced that they wish to "settle," offering a complex deal which was approved by the court. MDOR would save a (little) face and I could move on. The settlement specifically states that no payment was due to MDOR until after the completion of payments due to my ex-wife under a Probate Court order. All parties clearly understood That that meant 'never,' for my ex-wife's payments under the Probate Court at the current ordered rate will run over two hundred years. The MDOR released a series of liens against me, and we all moved on....

Now I receive your papers, referencing an IRS finding of some kind -- which I have never seen, covering periods before the bankruptcy filing, and all before my discharge, a copy of which I enclose. I believe the MDOR has no claim per the documents, or a right to pursue money that cannot be due, I believe under the bankruptcy law and various other statutes.  As an aside, one of your documents references a change to "student loan interest" -- which is particularly laughable, since I am 68, never had a student loan, being a Harvard National Scholar and a National Merit Scholar winner, which provided me with complete tuition, room and board and a cash stipend -- IN THE 1960's!!!

Accordingly, I am preparing Motions for the Court, including one seeking contempt, to determine that what other relief the Court finds fair and just.

It appears the MDOR's long time counsel handling this has retired to Marblehead, so I will soon make the acquaintance of a new generation.  I will also be seeking information, documents, etc., from your friends at the IRS.

Sincerely,

Robert E. Lockwood II

# Robert E. Lockwood II
149 Federal Street
Salem, Massachusetts 01970

To:  Mass Department of Revenue.
Re: Alleged taxes owed

The notice/bill I received, copy enclosed, is annoying on several levels.  It
demands payment for taxes I do not owe, has no contact info so I could write back,
directs me to a website that also has no such info, and is the 5th piece of
correspondence on taxes I do not owe.

The DOR came after me for millions of dollars that I did not owe, causing me
embarrassment , and to my family, and led to the destruction of my career.  I was
listed on the DOR site as the top tax evader.

Finally, 2010, the DOR actions forced me to file personal bankruptcy.  The DOR
tried to get it dismissed, rather than face the trial in federal court.  Literally on the
eve of that trial, the DOR asked to 'settle.'  I initially refused, for I wanted justice –
and revenge.  Finally, the DOR inserted a clause that the judge persuaded me to
accept.  I acknowledged a tiny fraction of the debt, then the DOR added two
decades of interest…
This was made palatable by a clause in the court ordered settlement that stated,
unequivocally, that the DOR was not going to receive a single penny until my
obligations to my ex-wife , under a probate order, was satisfied in full.

That will occur in approximately 1086 years, at the current rate of the probate
order.  If this is not rectified on by the DOR, I will file for contempt against those
involved in this attempted circumvention of the order – all of the periods you cite
are before the filing, and are covered by the order, and there is also a statute of
limitations issue …

I had serious emergency heart surgery on October 19, 2016.  I am recovering ,
under the services of Elder Care, Mass Health, Medicare etc.  Confined to home,
with 3 hours of daily care plus visiting nurses, I will not be able to file the
contempt until I am ambulatory, but have no fear, it is coming.

EXHIBIT,

SBLI

Communications



**THE NO NONSENSE
LIFE INSURANCE COMPANY®**

For information or service, contact
**SBLI Customer Service**
P.O. Box 4048
Woburn, MA 01888
**800-694-7254**
**www.sbli.com**
email - records@sbli.com

March 22, 2017

ı

Robert E Lockwood
Robert Lockwood
149 Federal Street
Salem, MA 01970

Insured:    Mary H Lockwood
Policy No: 001072347

Dear Robert E Lockwood:

We are in receipt of a Notice of Levy on the policy referenced above.

If we do not receive notice before April 12, 2017 that this Levy has been satisfied, we will surrender any dividend accumulations and/or process a policy loan against the policy cash value. The amount withdrawn from the policy will be determined by the value available under the policy and the amount indicated by the Notice of Levy.

If you have any questions, please feel free to contact our Customer Service Call Center at 800-694-7254.

Sincerely,

Catherine Rawson
Catherine Rawson
Customer Service

CS-324

C300004716

# SBLI®
**THE NO NONSENSE**
**LIFE INSURANCE COMPANY®**

# ANNUAL REPORT
# NOTICE TO POLICY OWNER

October 27, 2017

## Policy Information

| | |
|---|---|
| Policy No. | 001072347 |
| Insured | Mary H Lockwood |
| Issue Date | October 27, 1980 |
| Paid to Date | October 27, 2018 |
| Annual Contract Premium | $120.60 |

23
Robert E Lockwood
Robert Lockwood
149 Federal Street
Salem, MA 01970

**Values quoted assume premium is paid to the anniversary date of October 27, 2017**

## Policy Coverages

| | Face Amount |
|---|---|
| Straight Life | $10,000.00 |
| Paid Up Life Insurance from Dividends | $6,547.55 |

## Policy Loan

| | |
|---|---|
| Outstanding Loan | $10,598.13 |
| Loan Interest rate (%) | 8.00% |

*The policy coverage and values will be reduced by the amount of the outstanding policy loan and accrued loan interest.*

## Policy Cash Surrender Value

| | |
|---|---|
| Base Policy | $5,526.00 |
| Paid Up Life Insurance from Dividends | $4,244.71 |
| Less Policy Loan | $10,598.13 |
| Total Cash Surrender Value | $0.00 |

## Policy Dividends

**Paid Up Additional Insurance**

| | |
|---|---|
| Previous Balance | $6,547.55 |
| New Balance | $6,547.55 |

*Your dividend for this year of $141.03 will be used to reduce your premium. Any excess will be used to pay loan interest and any additional excess will be used to purchase paid up additions.*

**Notice On Policy Dividend**
*Due to the low interest rate environment over the last several years, your current dividend rate has been reduced.*

## Total Guaranteed Death Benefit

| | |
|---|---|
| Death Benefit | $10,000.00 |
| Paid Up Life Insurance from Dividends | $6,547.55 |
| Less Policy Loan | $10,598.13 |
| Total Death Benefit | $5,949.42 |

## Important Messages

You should consider requesting more detailed information about your policy to understand how it may perform in the future. You should not consider replacement of your policy or make changes in your coverage without requesting a current illustration. You may annually request, without charge, such an illustration by calling 800-694-7254 or writing to SBLI at 1 Linscott Rd., Woburn, MA 01801. If you do not receive a current illustration of your policy within 30 days from your request, you should contact your state insurance department.

**An Annual Privacy Notice is included.**

**THIS IS NOT A BILL**

The Savings Bank Life Insurance Company of Massachusetts
1 Linscott Road, Woburn, MA 01801
Manage your account at www.mysbli.com or contact Customer Service at 800-694-7254

Exhibit "H"

# Robert E. Lockwood II
149 Federal Street
Salem, Massachusetts 01970

To: Ms. Regina Brooks
Re: "Order to Correct Deficiency

Dear Ms. Brooks:

You assisted me in my efforts to file pleadings, following Judge Boroff's earlier order, by providing me with a fax number that works … Thank you.

My Opposition to the Horvitz Motion was docketed, and I promptly heard from other parties.

Last week, I filed a Motion For Contempt….Department of Revenue. I t also must have reached the proper place, because I already have multiple contacts with some of the other parties, including a letter concerning pro se litigants.

The Bad News, for me, is that I received the above –referenced Order to Correct Deficiency.  The pro se litigant helper advised me that he could not even read the referenced sections in the Order, but did direct me a website where I was able to read the sections referenced.

I prepared and mailed, with an affidavit of service, additional copies of the Pleading as those sections directed. I am attaching for filing that Affidavit and the postal receipts.

I remain confused, however, for Trustee Weiss' Response to my Motion uses the same service list as I used in my deficient filing, as does the certificates of service from Horvitz' counsel.

I apologize for my initial error, and hopefully my additional service of the Pleading corrects the deficiency.

I did not fax the entire pleading, for it appears already – if an additional copy is required, please advise.  617-240-4100 and/or businessmail2012@comcast.net and I will promptly fax one.

Thank you for your patience and assistance.

**Principal**

| | |
|---|---|
| **From:** | Ann-Marie Stephan <astephan@ssfpc.com> |
| **Sent:** | Monday, February 05, 2018 3:35 PM |
| **To:** | businessmail2012@comcast.net |
| **Cc:** | Weiss, Steve |
| **Subject:** | addresses |

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

MASSACHUSETTS DEPARTMENT OF REVENUE
BANKRUPTCY UNIT
P.O. BOX 9564
BOSTON, MA 02114-9564

CHIEF COUNSEL, LEGAL DEPARTMENT
DEPARTMENT OF UNEMPLOYMENT ASSISTANCE
COMMONWEALTH OF MASSACHUSETTS
19 STANIFORD STREET, 1ST FLOOR
BOSTON, MA 02114-2502

OFFICE OF THE ATTORNEY GENERAL
COMMONWEALTH OF MASSACHUSETTS
ONE ASHBURTON PLACE, 18TH FLOOR
BOSTON, MA 02108

Ann-Marie Stephan
Trustee Assistant and
Bankruptcy Paralegal to
Steven Weiss, Trustee
Shatz, Schwartz and Fentin, P.C.
1441 Main Street, Ste. 1100
Springfield, MA 01103
Direct Dial  413-417-2666
astephan@ssfpc.com

```
==============================
           SALEM
       2 MARGIN ST
          SALEM
           MA
       01970-9998
       2466810970
02/05/2018   (800)275-8777   4:53 PM
==============================

Product              Sale      Final
Description          Qty       Price

First-Class          1         $2.26
Mail
Large Envelope
   (Domestic)
   (BOSTON, MA 02114)
   (Weight:0 Lb 6.40 Oz)
   (Estimated Delivery Date)
   (Wednesday 02/07/2018)
Certified            1         $3.45
   (@@USPS Certified Mail #)
   (70171450000159356895)
Return               1         $2.75
Receipt
   (@@USPS Return Receipt #)
   (95909402327171960160094)
First-Class          1         $2.26
Mail
Large Envelope
   (Domestic)
   (BOSTON, MA 02114)
   (Weight:0 Lb 6.40 Oz)
   (Estimated Delivery Date)
   (Wednesday 02/07/2018)
Certified            1         $3.45
   (@@USPS Certified Mail #)
   (70171450000159356864)
Return               1         $2.75
Receipt
   (@@USPS Return Receipt #)
   (95909402327171960160100)
First-Class          1         $2.26
Mail
Large Envelope
   (Domestic)
   (BOSTON, MA 02108)
   (Weight:0 Lb 6.40 Oz)
   (Estimated Delivery Date)
   (Wednesday 02/07/2018)
Certified            1         $3.45
   (@@USPS Certified Mail #)
   (70171450000159356871)
Return               1         $2.75
Receipt
   (@@USPS Return Receipt #)
   (95909402327171960160117)

Total                          $25.38
```

U.S. Postal Service
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®

BOSTON, MA 02108

| Certified Mail Fee | | |
| --- | --- | --- |
| $3.45 | | 0970 06 |
| Extra Services & Fees (check box, add fee as appropriate) | | |
| ☐ Return Receipt (hardcopy) | $0.00 | |
| ☐ Return Receipt (electronic) | $0.00 | Postmark |
| ☐ Certified Mail Restricted Delivery | $0.00 | Here |
| ☐ Adult Signature Required | $0.00 | |
| ☐ Adult Signature Restricted Delivery | $0.00 | |
| Postage | | |
| $2.26 | | |
| Total Postage and Fees | | 02/05/2018 |
| $8.46 | | |

Sent To _Office of the Attorney General_
Street and Apt. No., or PO Box No. _One Ashburton Place_
City, State, ZIP+4® _Boston, MA 02108_

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

U.S. Postal Service™
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®

BOSTON, MA 02114

| Certified Mail Fee | | |
| --- | --- | --- |
| $3.45 | | 0970 06 |
| Extra Services & Fees (check box, add fee as appropriate) | $2.75 | |
| ☐ Return Receipt (hardcopy) | $0.00 | |
| ☐ Return Receipt (electronic) | $0.00 | Postmark |
| ☐ Certified Mail Restricted Delivery | $0.00 | Here |
| ☐ Adult Signature Required | $0.00 | |
| ☐ Adult Signature Restricted Delivery | $0.00 | |
| Postage | | |
| $2.26 | | |
| Total Postage and Fees | | 02/05/2018 |
| $8.46 | | |

Sent To _MDOR Commissioner Christopher Harding_
Street and Apt. No., or PO Box No. _100 Cambridge E Street_
City, State, ZIP+4® _Boston, MA 02114_

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

U.S. Postal Service™
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®

BOSTON, MA 02114

| Certified Mail Fee | | |
| --- | --- | --- |
| $3.45 | | 0970 06 |
| Extra Services & Fees (check box, add fee as appropriate) | $2.75 | |
| ☐ Return Receipt (hardcopy) | $0.00 | |
| ☐ Return Receipt (electronic) | $0.00 | Postmark |
| ☐ Certified Mail Restricted Delivery | $0.00 | Here |
| ☐ Adult Signature Required | $0.00 | |
| ☐ Adult Signature Restricted Delivery | $0.00 | |
| Postage | | |
| $2.26 | | |
| Total Postage and Fees | | 02/05/2018 |
| $8.46 | | |

Sent To _Mass Dept of Revenue, Bankruptcy Unit_
Street and Apt. No., or PO Box No. _P.O. Box 9564_
City, State, ZIP+4® _Boston, MA 02114-9564_

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mass Dept of Revenue
Bankruptcy Unit
P.O. Box 9564
Boston, MA 02114-9564

9590 9402 3271 7196 0160 94

2. Article Number (Transfer from service label)

7017 1450 0001 5935 6895

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent / ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
Shakis   2-9-18

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Mail
☐ Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Commissioner Christopher C.
                    Harding
MDOR
100 Cambridge St.
Boston, MA 02114

9590 9402 3271 7196 0161 00

7017 1450 0001 5935 6864

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Ellen Swauman   ☐ Agent / ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
2-9-18

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
n Delivery Restricted Delivery
Mail
Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Office of the Attorney
        General
Commonwealth of Mass
One Ashburton Place/8th
                        Fl

9590 9402 3271 7196 0161 17

2. Article Number (Transfer from service label)

7017 1450 0001 5935 6871

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent / ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

RECEIVED FEB ___

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053   Domestic Return Receipt